**No. 25-5135**                                    **September Term, 2025**

**1:24-cv-01200-SLS**

**Filed On:** January 2, 2026

Francis Twardy and Clarence E. Owens,

        Appellants

Frances Rogers, et al.,

        Appellees

    v.

Ocwen Financial Corporation, et al.,

        Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Rao, Walker, and Childs, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's March 19, 2025 order dismissing appellants' complaint be affirmed. The district court correctly concluded that the Consumer Financial Protection Bureau and the Office of the Attorney General for the District of Columbia were not required parties for which joinder as involuntary plaintiffs was appropriate. See Fed. R. Civ. P. 19(a). The district court also correctly concluded that appellants lacked a private cause of action to enforce 12 U.S.C. §§ 5531 and 5536, the provisions upon which appellants' Consumer Financial Protection Act claims were based, see Council of and for the Blind of Delaware County Valley, Inc. v. Regan, 709 F.2d 1521, 1525 (D.C. Cir. 1983), and that appellants could not sue to enforce two consent judgments entered in prior cases to which they were not parties, see Rafferty v. NYNEX Corp., 60 F.3d 844, 849 (D.C. Cir. 1995). Nor have

appellants shown any error in the district court's dismissal of their remaining state law claims for lack of jurisdiction.  See 28 U.S.C. § 1367.  Finally, the district court correctly dismissed as moot appellants' motions for preliminary injunctive relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**